[No. D041113. Fourth Dist., Div. One. Dec. 30, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY RAMONA MEDINA, Defendant and Appellant.

**[ CERTIFIED FOR PARTIAL PUBLICATION* ]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts IIIA, C, D, E, F, G, and IV.

COUNSEL

David M. McKinney, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Assistant Attorney General, Gary W. Schons, Peter Quon, Jr. and Andrew S. Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**AARON, J.—**

## I.

## INTRODUCTION

A jury convicted Anthony Ramona Medina of forcible oral copulation (Pen. Code,[2] § 288a, subd. (c)), forcible penetration by a foreign object (§ 289, subd. (a)), and three counts of forcible rape (§ 261, subd. (a)(2)). In addition, the jury found true the allegation that Medina used a firearm during the commission of each of the offenses (§ 12022.3, subd. (a)). The trial court imposed the upper term of eight years for each of the five convictions and

---

[2] Unless otherwise specified all subsequent references are to the Penal Code.

ordered four of the five terms to be served fully and consecutively and the fifth to be served concurrently, for an aggregate term of 32 years. In addition, the court imposed the middle term of four years for each of the five firearm use enhancements and ordered four of the terms to be served fully and consecutively and the remaining term to be served concurrently, for an additional aggregate term of 16 years. Medina was sentenced to a total aggregate term of 48 years in prison.

Medina claims that the trial court's admission of evidence of a sexual offense not charged in this case, pursuant to Evidence Code section 1108, constituted error, for a number of reasons. In the published portion of this opinion, we reject Medina's contention that evidence of the uncharged sexual offense was not admissible pursuant to section 1108 because it occurred after the charged offense. In the unpublished portions of the opinion, we reject Medina's other claims of error, except that we strike the parole revocation fine imposed pursuant to section 1202.45.

## II.

## FACTUAL BACKGROUND

### A. *The Charged Sexual Assault*

In September 1993, at approximately 11:00 p.m., the victim, Monica, and a few friends drove together to a bar in Pacific Beach. At around 1:00 a.m., Monica talked with some other friends who were waiting in line outside the bar. When she came back inside the bar about 30 minutes later, she could not find the friends with whom she had come to the bar. Assuming that they had left without her, Monica decided to walk home.

As Monica was walking home near the La Jolla Lutheran Church, Medina jumped out from behind some bushes, grabbed her, and pointed a gun at her head. Medina pushed her onto the steps of the church, lifted her skirt, and unsnapped her bodysuit. Medina then penetrated her external vaginal lips with his penis. He was not fully erect and was unable to achieve full penetration. Medina tried again to penetrate Monica's vagina with his penis, but was able still only to penetrate her external vaginal lips.

Medina then pushed Monica around the corner of the church, away from the street where cars were passing by. With the gun pointed at Monica's head, Medina penetrated her vagina with his penis for a third time. He ordered Monica to put her fingers inside her vagina and forced his penis inside her mouth. After a short period of time, Medina removed his penis and ejaculated on Monica's stomach area. Medina then fled. Monica was examined at a

hospital and various samples of physical evidence were taken from her body and clothing. These specimens were provided to law enforcement.

## B. *The Arizona Incident*

In February 2001, in Oro Valley, Arizona, Frank P.'s seventh-grade daughter left her house to catch her school bus at a nearby bus stop. A few minutes later she came back inside the house. Frank P. and his daughter then looked out the window and saw a black truck parked in their driveway. Medina was leaning against the rear of the truck facing the school bus stop, masturbating. There were children at the bus stop, which was 100–150 feet from where Medina was standing. Frank P. called the police, who arrived after Medina had left. The police obtained a sample of semen Medina had left on Frank P.'s driveway. Medina was arrested and pled guilty to one count of public sexual indecency.

## C. *The DNA Match*

In March 2001, the Oro Valley Police Department collected a known sample of DNA from Medina. The DNA from the semen sample from the Frank P.'s driveway was positively matched to the known sample taken from Medina. DNA in both the semen sample and the known sample taken from Medina positively matched the DNA contained in the samples from the 1993 sexual assault of Monica. The chance of someone other than Medina having left the samples gathered from the sexual assault in 1993 was no greater than one in one-half quadrillion.

## D. *The Defense*

Medina testified that he was living in Pacific Beach in 1993 at the time Monica was sexually assaulted. He denied he had assaulted her. He testified that he had a consensual sexual encounter with a woman on the beach in Pacific Beach in September 1993. He claimed that although he and the woman did not have intercourse, he ejaculated. Medina testified that although he could not recall if this woman was Monica, it was possible his DNA was discovered as a result of this incident.

## III.

## DISCUSSION

A. *Medina Waived His Claim That the Uncharged Sexual Offense Is Not Within the Scope of Offenses Listed*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

B. *Offenses Committed Subsequent to the Charged Offense May Be Admitted Pursuant to Evidence Code Section 1108*

Medina claims that Evidence Code section 1108 "does not apply to offenses committed after the charged offense, and certainly not where the time gap between the offenses is substantial, as it was in the instant case." Evidence Code section 1108, subdivision (a) provides:

"In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352."

■ The plain language of Evidence Code section 1108 does not limit evidence of uncharged sexual offenses to those committed *prior* to the charged offense. On the contrary, the statute broadly states that evidence of the "defendant's commission of *another* sexual offense," is not made inadmissible by the prohibition on the introduction of character evidence contained in Evidence Code section 1101. (Evid. Code, § 1108, subd. (a), italics added.) This language strongly suggests that evidence of an uncharged sexual offense committed after the charged offense is within the scope of section 1108. (Accord, *People v. Yovanov* (1999) 69 Cal.App.4th 392, 404 [81 Cal.Rptr.2d 586] [concluding evidence of uncharged sexual offenses was properly admitted under Evidence Code section 1108 and noting the "uncharged sex acts were . . . close in time insofar as they led up to and *continued after* the charged offenses" (italics added)].)

In *People v. Falsetta* (1999) 21 Cal.4th 903 [89 Cal.Rptr.2d 847, 986 P.2d 182], the California Supreme Court noted that Evidence Code section 1108 permits "the admission, in a sex offense case, of the defendant's other sex crimes for the purpose of showing a propensity to commit such crimes." (*Id.* at p. 907.) We have not found any California cases that expressly discuss whether evidence of subsequent offenses are admissible to prove propensity,

---

\*See footnote, *ante,* page 897.

pursuant to Evidence Code section 1108. However, in considering an analogous question, in *People v. Shoemaker* (1982) 135 Cal.App.3d 442, 447–448 [185 Cal.Rptr. 370], the Court of Appeal for the Third District concluded that evidence of a victim's character could be proved by subsequent acts under Evidence Code section 1103.[5] The *Shoemaker* court reasoned:

"As Wigmore astutely observed, the time of character evidence '. . . as a question of [r]elevancy, is simple enough . . . . Character at an earlier or later *time* than that of the deed in question is relevant only on the assumption that it was substantially unchanged in the meantime, *i.e.* the offer is really of character at one period to prove character at another, and the real question is of relevancy of this evidence to prove character, not of the character to prove the act.' [Citation.] He then concluded that '. . . there is no difficulty from the point of view of the relevancy of character; a man's trait or disposition a month or a year after a certain date is as evidential of his trait on that date as his nature a month or a year before that date; because character is a more or less permanent quality and we may make inferences from it either forward or backward.' [Citation.] We find Wigmore's views compelling. We therefore hold that evidence of the victim's subsequent acts of violence, when offered by the defendant in a criminal case, is relevant and admissible under section 1103 to prove the victim's violent character at the time of the earlier crime." (*People v. Shoemaker, supra,* 135 Cal.App.3d at pp. 447–448, fn. omitted.)

■ We agree with the *Shoemaker* court that both prior and subsequent acts may constitute relevant evidence of a person's character. Thus, interpreting Evidence Code section 1108 to allow for the admission of sexual offenses that occur after the charged offense is consistent with the statute's purpose of allowing the admission of evidence showing "a propensity to commit [sex] crimes." (*People v. Falsetta, supra,* 21 Cal.4th at p. 907.) We conclude that evidence of subsequently committed sexual offenses may be admitted pursuant to Evidence Code section 1108.

Medina relies heavily on the dissent in *United States v. Wright* (2000) 53 M.J. 476 (*Wright*), which concluded that a similar rule, rule 413 of the Federal Rules of Evidence, does not authorize admission of evidence of sexual offenses committed after the charged offense.[6] (*Wright,* at p. 486 [Gierke. J, dissenting].) The dissent in *Wright* relied primarily on the fact that "[a] week

---

[5] Evidence Code section 1103, subdivision (a), provides: "In a criminal action, evidence of the character or a trait of character (in the form of an opinion, evidence of reputation, or evidence of specific instances of conduct) of the victim of the crime for which the defendant is being prosecuted is not made inadmissible by Section 1101 if the evidence is: [¶] (1) Offered by the defendant to prove conduct of the victim in conformity with the character or trait of character."

[6] Federal Rules of Evidence, rule 413(a) (28 U.S.C.) provides: "In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's

after the evidentiary changes were adopted, Senator Robert Dole, a co-sponsor of the changes, described them on the Senate floor as 'establishing a general presumption that evidence of *past* similar offenses in sexual assault and child molestation cases is admissible at trial.' " (*United States v. Wright, supra,* 53 M.J. at p. 486, quoting Sen. Dole, 140 Cong. Rec. 12990 (daily ed. September 20, 1994) [italics added in *Wright*] [Gierke. J, dissenting].)

We find the *Wright* dissent unpersuasive in this case, for several reasons. First, the plain language of both Federal Rule of Evidence, rule 413 and Evidence Code section 1108 contain no temporal requirement pertaining to evidence of uncharged sexual offenses. Second, the California Supreme Court has "frequently stated . . . the statements of an individual legislator, including the author of a bill, are generally not considered in construing a statute, as the court's task is to ascertain the intent of the Legislature as a whole in adopting a piece of legislation." (*Quintano v. Mercury Casualty Co.* (1995) 11 Cal.4th 1049, 1062 [48 Cal.Rptr.2d 1, 906 P.2d 1057].) Third, Senator Dole's statement itself does not purport to describe the full scope of Federal Rule of Evidence, rule 413 and does not state that evidence of subsequent uncharged offenses would be inadmissible pursuant to that rule. We reject Medina's reliance on the dissent in *Wright.*

■ Medina also argues that principles of due process and equal protection are violated by the introduction of evidence of uncharged sex offenses committed after the charged offense.[7] The California Supreme Court has rejected the argument that the use of propensity evidence, as authorized by Evidence Code section 1108, violates principles of due process. (*People v. Falsetta, supra,* 21 Cal.4th at p. 907.) Medina argues that in "after-the-fact circumstances, there is simply no commonsense connection to establishing a *predisposition* to having committed a prior offense." (Italics added.) What Medina fails to acknowledge is that section 1108 is not limited to evidence that establishes a *pre*disposition on the part of the defendant to commit a sexual offense. Rather, it permits evidence of the defendant's commission of "another sexual offense or offenses" to establish the defendant's *propensity* to commit sexual offenses. There is no requirement that the other offenses precede in time the charged offense. (See *People v. Shoemaker, supra,* 135 Cal.App.3d at p. 447.) We reject Medina's claim that Evidence Code section 1108 violates due process to the extent it authorizes the admission of evidence of uncharged sexual offenses committed after the charged offense.

commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant."

[7] Medina cites no authority or legal reasoning in support of his equal protection argument. Accordingly, we deem it waived. (See, e.g., *Trinkle v. California State Lottery* (2003) 105 Cal.App.4th 1401, 1413 [129 Cal.Rptr.2d 904] ["unless a party's brief contains a legal argument with citation of authorities on the point made, the court may treat it as waived and pass on it without consideration"].)

C.–*G.*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## IV.\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## V.

## DISPOSITION

The judgment is modified by striking the parole revocation fine under section 1202.45. As so modified, the judgment is affirmed.

Nares, Acting P. J., and McIntyre, J., concurred.

A petition for a rehearing was denied January 16, 2004, and appellant's petition for review by the Supreme Court was denied March 24, 2004.

---

\*See footnote, *ante*, page 897.